**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 311.]**

**OFFICE OF DISCIPLINARY COUNSEL *v.* BROWN.**

**[Cite as *Disciplinary Counsel v. Brown*, 1998-Ohio-88.]**

*Attorneys at law—Misconduct—Permanent disbarment—Failing to carry out contract of employment—Failing to deliver to client property in attorney's possession which client is entitled to receive—Engaging in conduct prejudicial to the administration of justice—Failing to assist and cooperate in disciplinary investigation—Neglect of an entrusted legal matter— Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 98-756—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-60.

————————————

{¶ 1} On June 16, 1997, relator, Office of Disciplinary Counsel, filed a six-count complaint charging respondent, Patrick Lee Brown of Union, Kentucky, Attorney Registration No. 0042194, in each count with violating Disciplinary Rules as well as a Rule for the Government of the Bar. The complaint, which was sent to the last known address of respondent, was returned "unclaimed." Relator then served the complaint upon the Clerk of the Supreme Court of Ohio as permitted by rule. When respondent failed to answer the complaint, relator filed a motion for default judgment, which was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based upon the complaint and the exhibits attached to the motion, the panel found with respect to count one that in September 1995, Leroy Ragin retained respondent to argue his appeal in the United States Fourth Circuit Court of Appeals. Ragin paid respondent a retainer of $1,000 and gave him a Rolex watch as security

for additional fees. Although respondent appeared in the case and obtained an extension of time to file a brief, he failed to file within the extended time. Respondent did not return the watch despite Ragin's request. The panel concluded that respondent's conduct violated DR 7-101(A)(2) (failing to carry out a contract of employment), 9-102(B)(4) (failing to deliver property of the client in the possession of the attorney to which the client is entitled), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Gov.Bar R. V(4)(G) (failing to assist and cooperate in a disciplinary investigation).

{¶ 3} With respect to count two, the panel found that in the spring of 1995, Donny Canady employed respondent and paid him a retainer of $2,500 to assist Canady in reinstating a federal appeal. Respondent's Motion for Leave to File a Notice of Appeal Out of Time was denied. When Canady requested respondent to file a second motion with a further explanation of the reason for the delay, respondent refused, and further refused to return the unearned portion of the money he had been paid, but agreed to work with Canady to settle the fee dispute. Canady had no further contact with respondent, and relator was unable to contact respondent about Canady's grievance. The panel concluded that respondent's conduct violated DR 9-102(B)(4) and Gov.Bar R. V(4)(G).

{¶ 4} In considering count three, the panel found that in May 1996, George Bennett retained respondent to file a motion for a writ of habeas corpus under Section 2255, Title 28, U.S.Code. Bennett paid respondent $3,000 of the $6,000 retainer requested by respondent. Respondent did not file the motion, and Bennett was thereafter unable to contact respondent. Relator also was unsuccessful in its attempts to contact respondent about Bennett's grievance. The panel concluded that respondent's failure to act or respond to Bennett and relator violated DR 7-101(A)(2), 6-101(A)(3) (neglecting an entrusted legal matter), 1-102(A)(5), and Gov.Bar R. V(4)(G).

**{¶ 5}** The panel found with respect to count four that in May 1996, George K. Bushey retained respondent to research the issues Bushey might raise in a Section 2255 motion. Bushey's father paid respondent a $2,000 retainer. Thereafter, neither Bushey nor his father was able to contact respondent by mail. When Bushey's father contacted respondent by telephone, he was told that respondent would get something in the mail to him. Respondent failed to do so, and failed to return the retainer when Bushey requested it. Relator attempted to contact respondent about the Bushey grievance, but was unsuccessful. The panel concluded that respondent's failure to act violated DR 9-102(B)(4), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(3), 1-102(A)(5), and Gov.Bar R. V(4)(G).

**{¶ 6}** The panel also found, as alleged in count five, that in 1994, Cosmos Ekwunife retained respondent and paid him $3,650 to represent him in a criminal appeal. Because respondent failed to arrange to pay the court reporter for the trial transcript, Ekwunife's appeal was dismissed. Respondent failed to return Ekwunife's money and failed to cooperate when relator sought to investigate the matter. The panel concluded that respondent's conduct violated DR 9-102(B)(4) and Gov.Bar R. V(4)(G).

**{¶ 7}** With respect to count six, the panel found that in August 1996, Sam Barash retained respondent and paid him $3,000 to represent his brother, Robert Barash, in an appeal in the United States Sixth Circuit Court of Appeals. After respondent contacted Robert Barash in September 1996 and told him that the work on his appeal was eighty percent complete, respondent did not contact Robert Barash again. Nor did respondent reply to James E. Hall, a successor attorney retained by Sam Barash, although respondent received a certified letter mailed to him by Hall terminating respondent's services and demanding a return of Sam Barash's money. Respondent also failed to cooperate fully with relator in its investigation of the Barash matter. The panel concluded that respondent's conduct

violated DR 7-101(A)(2), 9-102(B)(4), 1-102(A)(4), 6-101(A)(3), 1-102(A)(5), and Gov.Bar R. V(4)(G). The panel recommended that respondent be disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

––––––––––––––––––

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

––––––––––––––––––

**Per Curiam.**

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––